People v Gjurashaj

2026 NY Slip Op 03320

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Zef Gjurashaj, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2023-03675, (Ind. No. 70463/21)

Mark C. Dillon, J.P.

Paul Wooten

Laurence L. Love

Elena Goldberg Velazquez, JJ.

James Kousouros (J. Pace Law, PLLC, New York, NY [Joseph Pace], of counsel), for appellant.

David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass and Edward D. Saslaw of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered March 1, 2023, convicting him of arson in the first degree, conspiracy in the second degree, reckless endangerment in the first degree (two counts), insurance fraud in the second degree, and criminal tax fraud in the fifth degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

On September 6, 2017, a restaurant owned by the defendant was destroyed in a fire. In December 2021, the defendant and a codefendant, Marina Gjusharaj (hereinafter Marina), were indicted for, among other crimes, arson in the first degree. The indictment alleged, in sum, that the defendant and Marina conspired to intentionally damage the restaurant by causing a fire, with the expectation of financial advantage, and that the defendant's wife, who was not a participant in the crime, was present at the restaurant at the time, and that the defendant and Marina knew that fact or the circumstances were such as to render the defendant's wife's presence therein a reasonable possibility. Following a jury trial, the defendant was convicted of arson in the first degree, conspiracy in the second degree, two counts of reckless endangerment in the first degree, insurance fraud in the second degree, and criminal tax fraud in the fifth degree.

The defendant's contention that the jury charge on arson in the first degree was defective is unpreserved for appellate review, since defense counsel informed the County Court that

he had no objection to the charge (see CPL 470.05[2]; People v Loncke, 244 AD3d 1245, 1246). In any event, the charge adequately conveyed the applicable legal principles (see Penal Law §§ 20.00, 150.20).

The defendant's contention that the evidence was legally insufficient to establish his awareness of facts rendering his wife's presence at the restaurant during the fire a reasonable possibility is unpreserved for appellate review, as his motion to dismiss at trial was not specifically directed at the deficiency being argued (see id. § 470.05[2]; People v Spencer, 244 AD3d 1254, 1254). However, contrary to the People's contention, the defendant did preserve for appellate review his contention that the evidence was legally insufficient to establish that his wife was not a participant in the arson. The defendant was not required to renew his motion to dismiss at the close of his case, since he did not supply any additional evidence of guilt (see People v Goodman, 224 AD3d 704, 705; People v McDonnell, 201 AD3d 951, 952). However, viewing the evidence in the [*2]light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant's wife was not a participant in the arson (see CPL 20.00, 120.25, 150.20; People v Bender, ___ NY3d ___, ___, 2026 NY Slip Op 01444, *1; People v Mejia, 169 AD3d 715, 716).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence. Contrary to the defendant's contention, the jury was justified in finding the defendant guilty beyond a reasonable doubt without engaging in the selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor (see People v Rivera, 23 NY3d 112, 121; People v Khan, 237 AD3d 585, 586; cf. People v Glover, 96 AD3d 777, 778).

The defendant's contention that the prosecutor mischaracterized the law and evidence and improperly bolstered his own credibility during summation is unpreserved for appellate review. Defense counsel failed to object to the allegedly improper comments at trial or request curative instructions (see CPL 470.05[2]; People v O'Doherty, 236 AD3d 929, 930). In any event, although one of the comments misstated the evidence, the majority of the challenged comments were within the broad bounds of rhetorical comment permissible in closing arguments and constituted a fair response to arguments made by defense counsel in summation or a fair comment on the evidence (see People v Halm, 81 NY2d 819, 821; People v Campbell, 244 AD3d 995, 996). To the extent that any of the challenged comments were improper, they were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Spencer, 244 AD3d at 1255; People v Vassell, 236 AD3d 933, 934).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

DILLON, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court